IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Danny G. Harmon, | ) | C/A No.: 1:13-2723-RMG-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden M. Cruz, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Danny G. Harmon ("Petitioner"), proceeding pro se, filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is a federal prisoner at the Federal Correctional Institution Williamsburg in Salters, South Carolina, serving a 360-month sentence rendered by the United States District Court for the Southern District of Indiana. [Entry#11-2]. His projected release date is July 1, 2037, via Good Conduct Time Release. *Id.* Petitioner challenges the execution of his sentence and conditions of confinement relating to the manner in which the Bureau of Prisons ("BOP") requires him to participate in its Inmate Financial Responsibility Program ("IFRP") and punishes him for his refusal to do so. [Entry #1 at 2].

This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's motion to dismiss/summary judgment filed pursuant to Fed. R. Civ. P. 12(b)(6) and 56. [Entry #11]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible

1

consequences if he failed to respond adequately to Respondent's motion. [Entry #12]. Petitioner filed a response. [Entry #14].

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends the court grant Respondent's motion.

I.    Factual and Procedural Background

Petitioner was sentenced in the United States District Court for the Southern District of Indiana on January 20, 2012. [Entry #11-3]. The judgment and commitment ("J&C") entered in Petitioner's case reflects, under the "Criminal Monetary Penalties" section, that he "shall pay the total criminal monetary penalties under the schedule of payments on Sheet 6." *Id.* at 6. Sheet 6 provides the "Schedule of Payments," which reflects "Payment to begin immediately." *Id.* at 7. Further, Sheet 6 notes that Petitioner "shall forfeit [his] interest in the following property to the United States: See Attached." *Id.* Attached is a document titled "Forfeiture," which identifies funds in two bank accounts, a car, and parcels of real property. *Id.* The final sentence of the Forfeiture page states: "A money judgment disposition of the above property will be considered partial satisfaction of the money judgment forfeiture of $28,141,344.00." *Id.* The entire J&C consists of eight pages, with the Forfeiture on page eight. [Entry #11-3].

The BOP's records reflect that Petitioner had two financial obligations as set forth in the J&C and recognized by the BOP through the IFRP. [Entry #11-3, #11-4]. Undisputed is a $500 assessment reflected in the judgment which Petitioner paid on or about April 11, 2012. [Entry #11-4 and #11-5]. After Petitioner refused to assist staff in developing a financial plan for meeting the money judgment forfeiture of

2

$28,141,344.00, the BOP placed him in IFRP refusal status on March 19, 2013. *Id.* Petitioner asks this court to order him to be removed from the IFRP refusal status and placed in IFRP exempt status until the district court makes a final disposition of his assets and a payment schedule. [Entry #1 at 21].

II.    Discussion

    A.    Motion to Dismiss and Motion for Summary Judgment Standards

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001). Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs. Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). If on a motion pursuant to Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d).

Pursuant to Rule 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment

as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id*. at 255.

Plaintiff is a pro se litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). However, a court may not construct a party's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417–18 (7th Cir. 1993), nor should it "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Because Respondent, in his motion, presented to the court matters outside the pleadings that the undersigned did not exclude, the court will treat Respondent's motion to dismiss for failure to state a claim as one for summary judgment. Respondent concedes that Petitioner has exhausted his administrative remedies on the habeas allegations.

B.    Analysis

In his petition and response to summary judgment, Petitioner argues (1) that the money forfeiture judgment is illegal; (2) that the BOP lacks the authority to collect an illegal judgment; (3) that the BOP lacks the authority to "consider any schedule of

payments in a for[]feiture judgment that was never a part of or ordered part of [his] original sentencing proceedings"; (4) that the BOP lacks the authority to place him in IFRP refusal status; and (5) that the BOP is attempting to alter his sentence without due process of law. [Entry #14 at 5].

        1.      Legality of Money Judgment Forfeiture

Petitioner argues the forfeiture page that accompanies part of the J&C is not part of the "Criminal Monetary Penalties" section of the J&C. [Entry #1 at 8, #1-6 at 7, 9]. Petitioner contends, without support, that (1) someone other than the sentencing judge amended the terms of the J&C dated January 20, 2012, by checking the box in the Schedule of Payments pertaining to the forfeiture and attaching a list of the forfeited assets; and/or (2) the box was checked off before the Preliminary Order of Forfeiture was executed and filed on February 6, 2012. [Entry #1 at 8–9, #1-6 at 8, #1-7].

Respondent argues that although a forfeiture judgment order is separate and distinct from a court-imposed fine, restitution, or special assessment, it remains a court-ordered penalty that a defendant is legally obligated to pay. Respondent cites to BOP policy, based on legislative regulations, that encourages each sentenced inmate to meet his legitimate financial obligations. [Entry #11-6 at 1]. Respondent states that these obligations include "other federal government obligations," *id.* at 4–6, which include court-ordered forfeiture judgments.

The undersigned finds that Petitioner's argument is unavailing in its current form. Petitioner's argument is best seen as an improper attempt to challenge a component of his sentence. Under the relevant Seventh Circuit case law, which is the circuit governing the

sentence imposed on Petitioner by the United States District Court for the Southern District of Indiana, "a criminal forfeiture is part of the defendant's sentence and must be challenged on direct appeal or not at all." *See United States v. Apampa*, 179 F.3d 555, 557 (7th Cir. 1999) (per curiam). The undersigned is unaware of any exception that would otherwise authorize Petitioner's belated challenge to a criminal forfeiture that could have been challenged on direct appeal. This court lacks subject matter jurisdiction to determine any such challenge to Petitioner's criminal forfeiture imposed by a sister district court in another Circuit.

The J&C unquestionably orders Petitioner to forfeit a money judgment, to wit, "A money judgment disposition of the above property will be considered partial satisfaction of the money judgment forfeiture of $28,141,344.00. [Entry #11-3 at 7].

To the extent this court can evaluate the arguments Petitioner asserts in this civil habeas case, they appear meritless under applicable Seventh Circuit law. Petitioner contends that the entry of the Preliminary and Final Orders of Forfeiture are somehow rendered invalid because they were filed after the sentence was imposed. The Seventh Circuit has previously rejected this argument in *U.S. v. Quintero*, 572 F.3d 351 (7th Cir. 2009):

> In *Young v. United States,* 489 F.3d 313, 316 (7th Cir. 2007), we "suggested disagreement with the conclusion that a failure to incorporate the order of forfeiture into the judgment of conviction undermines a criminal forfeiture." Now, we affirmatively rule that the failure to include forfeiture in a judgment, that everyone intended to be included, constitutes a clerical error, correctable under Rule 36. *See United States v. Yeje-Cabrera,* 430 F.3d 1, 15 (1st Cir. 2005); *United States v. Bennett,* 423 F.3d 271, 281 (3d Cir.2005); *United States v. Loe,* 248 F.3d 449, 464 (5th Cir. 2001); *United States v. Hatcher,* 323 F.3d 666, 673–74 (8th Cir. 2003).

6

*Quintero*, 572 F.3d at 353.

Petitioner next argues that his notice of appeal divested the district court of subject matter jurisdiction such that it lacked the ability to enter the forfeiture orders. The Seventh Circuit has likewise rejected this argument:

> Finally, while it is true that, in general, filing a notice of appeal shifts jurisdiction from the district court to the court of appeals, a district court still retains authority to correct clerical errors under Rule 36 when that does not affect an issue already before the appellate court. Compare *United States v. Burton,* 543 F.3d 950, 952 (7th Cir. 2008), with *United States v. McHugh,* 528 F.3d 538 (7th Cir. 2008).

Having failed to demonstrate the alleged illegality of the money judgment forfeiture contained in the J&C, Petitioner's remaining arguments concerning the BOP's enforcement of an allegedly illegal money judgment likewise fail.

### 2.    BOP's authority to collect judgment

The IFRP set forth in 28 C.F.R. §§ 545.10 and 545.11 and Program Statement, 5380.08, Inmate Financial Responsibility Program, requires participating inmates to commit a percentage of their prison employment earnings toward a payment of a monetary penalty imposed by the court. [Entry #11-6]. The IFRP is a voluntary work program instituted by the BOP to encourage "each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10; *see also Ware v. Drew*, 2010 WL 4237595 * 2 (D.S.C. Sept. 16, 2010), Report and Recommendation adopted, *Ware v. Drew*, 2010 WL 4237449 (D.S.C. October 21, 2010). The program allows for the development of a financial plan so that inmates may satisfy enumerated obligations, such as fines and other court-ordered obligations, while incarcerated. 28 C.F.R. § 545.11(a);

*see also Williams v. Farrior*, 334 F. Supp. 2d 898, 900–01 (E.D. Va. 2004). An inmate's refusal to comply with the provisions of his financial plan may result in up to ten possible non-punitive sanctions, including limitation of prison earnings, denial of eligibility for community programs, being subject to a more stringent monthly commissary spending limitation, and being assigned the lowest housing status. 28 C.F.R. § 545.11(d); and *Farrior*, 334 F. Supp. 2d at 900–01. The IFRP is "voluntary program [designed] to assist [the inmate] in the mechanics of complying with the order of the sentencing court." *Summersett*, 496 F. Supp. 2d 636, 638 (D.S.C. 2007) (internal quotations omitted).

Petitioner has not demonstrated any deficiency in the money forfeiture judgment, and therefore cannot identify any valid challenge to the BOP's authority to collect the judgment pursuant to the IRFP.

### 3.    BOP's authority concerning schedule of payments

The BOP does not exceed its authority by setting a payment schedule under the IFRP for inmates whose obligations are due immediately. *Summersett*, 496 F. Supp. 2d at 639. Where the sentencing court has ordered immediate payment of a criminal fine, the BOP has discretion to place an inmate in the IFRP. *See Coleman v. Brooks*, 133 F. App'x 51, 53 (4th Cir. 2005) (citing *Matheny*, 307 F.3d at 712).

The sentencing court specified Petitioner's payments should begin immediately. [Entry #11-3 at 7]. "The immediate payment directive is generally interpreted to require payment to the extent that the defendant can make it in good faith, beginning immediately." *Matheny*, 307 F.3d at 712, *cited with approval in Coleman*, 133 F. App'x 51 (holding that "BOP has the discretion to place an inmate in the IFRP when the

sentencing court has ordered immediate payment of the court-imposed fine") (*citing McGhee*, 166 F.3d at 886 and *Montano-Figueroa*, 162 F.3d at 549–50).

Petitioner has not identified any valid challenge to the BOP's authority concerning the schedule of payments pursuant to the IRFP.

4. BOP's authority concerning IFRP refusal status

Petitioner argues that the BOP lacks the authority to place him in IFRP refusal status. The applicable federal regulations and case law reflect that the IFRP is voluntary, and inmates may decline to participate. 28 C.F.R. § 545.11(d), *see also Webb*, 2006 WL 1946441 *5. Inmate who refuse to participate face consequences, including the denial of certain benefits, *see* 28 C.F.R. § 545.11(d), however, the denied benefits are not constitutionally guaranteed. *See, e.g., James*, 866 F.2d at 629-30 (inmates do not possess a liberty or property interest in prison job assignments); *Karacsonyi v. Radloff*, 885 F. Supp. 368, 370 (S.D.N.Y. 1995) (court dismissed constitutional challenge brought by inmate who was penalized for not participating in IFRP). Further, "compelled participation is not punitive because . . . it [is] reasonably related to a legitimate government objective of rehabilitation. *Johnpoll*, 898 F.2d at 851 (*citing Bell v. Wolfish*, 441 U.S. 520, 539 (1979)).

Petitioner has not identified any valid challenge to the BOP's authority concerning placing him in IFRP refusal status.

5.    Due process

Petitioner challenges the IFRP on due process grounds.  The IFRP "serves valid penological interests and is fully consistent with the Bureau of Prisons' authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation." *Johnpoll v. Thornburgh*, 898 F.2d 849, 851 (2d Cir.), *cert. denied*, 498 U.S. 819 (1990). The constitutionality of this program has been considered and upheld consistently by the various circuits. *See Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002) (requiring participation in IFRP does not violate due process); *McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999) (noting that the IFRP "has been uniformly upheld against constitutional attack"); *Dorman v. Thornburgh*, 955 F.2d 57, 58-59 (D.C. Cir. 1992) (holding IFRP does not deprive inmates of constitutional rights to due process); *Johnpoll*, 898 F.2d at 851 (holding BOP did not exceed its authority in establishing IFRP and that the program does not violate due process); *United States v. Williams*, 996 F.2d 231, 234 (10th Cir. 1993) (acknowledging constitutionality of the IFRP); *see also Webb*, 2006 WL 1946441 *5 (D.S.C. July 11, 2006) (collecting cases). Due process challenges to the IFRP have uniformly been rejected. *See, e.g., Matheny*, 307 F.3d at 712; *Weinberger v. United States*, 268 F.3d 346, 360 (6th Cir. 2001); *Dorman*, 955 F.2d at 58–59; *Johnpoll*, 898 F.2d at 851; *James v. Quinlan*, 866 F.2d 627, 629 (3d Cir. 1989); *accord, Farrior*, 334 F. Supp. 2d at 904 ("In sum, where, as here, BOP officials act in accordance with the IFRP, no due process violations occur.").

Petitioner has failed to demonstrate his due process rights have been violated through the BOP's enforcement of the IFRP.

III.    Conclusion

For the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment [Entry #11] be granted and the petition for writ of habeas corpus be denied, and the petition dismissed with prejudice and without an evidentiary hearing. Because Maureen Cruz, Warden at the Federal Correctional Institution Williamsburg, is the proper defendant in a habeas petition, as the "person having custody of the person detained," *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004), the BOP should be dismissed as a respondent.

IT IS SO RECOMMENDED.

June 3, 2014                                             Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).