IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Danny G. Harmon | ) |
|     Petitioner, | ) Civil Action No: 1:13-2723-RMG |
| v. | ) **ORDER** |
| Warden M. Cruz, | ) |
| *Federal Correctional Institution Williamsburg*, | ) |
|     Respondent. | ) |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge recommending that the Court grant respondent's Motion for Summary Judgment. (Dkt. No. 16). For the reasons set forth below, the Court agrees with and ADOPTS the Magistrate Judge's R & R as the order of the court.

## Background

Danny G. Harmon ("Petitioner") is currently a federal prisoner at the Federal Correctional Institution Williamsburg in Salters, South Carolina, where he is serving a 360-month sentence. (Dkt. No. 11-2). The judgment and commitment ("J&C") entered in Petitioner's case requires that he pay the total criminal monetary penalties under a schedule of payments, to begin immediately. (Dkt. No. 11-3 at 7). The J&C also states that he shall forfeit his interest in two banks accounts, a car, and parcels of real property; and that "a money judgment disposition of the above property will be considered partial satisfaction of the money judgment forfeiture of $28,141,344.00." (Dkt. No. 11-3 at 8).

After Petitioner refused to assist staff in developing a financial plan for meeting the money judgment forfeiture of $28,141,344 as a part of the Inmate Financial Responsibility

1

Program ("IFRP"), the Bureau of Prisons ("BOP") placed Petitioner in IFRP refusal status. (Dkt. Nos. 11-4, 11-5). Petitioner argues (1) that the money forfeiture judgment is illegal; (2) that the BOP lacks the authority to collect an illegal judgment; (3) that the BOP lacks the authority to "consider any schedule of payments in a forfeiture judgment that was never part of or ordered part of [his] original sentencing proceedings"; (4) that the BOP lacks the authority to place him in IFRP refusal status; and (5) that the BOP is attempting to alter his sentence without due process of law. (Dkt. No 14 at 5). Petitioner requests that this Court order BOP to remove Petitioner from the IFRP refusal status until there is a final disposition of his assets and a payment schedule. (Dkt. No. 14).

The Magistrate Judge found that Petitioner has (1) failed to demonstrate the alleged illegality of money judgment forfeiture contained in the J&C, (2) failed to demonstrate any deficiency in the money forfeiture judgment and cannot identify any valid challenge to the BOP's authority to collect the judgment pursuant to the IFRP, (3) failed to identify any valid challenge to the BOP's authority concerning the schedule of payments pursuant to the IFRP, (4) failed to identify any valid challenge to the BOP's authority concerning placing him in IFRP refusal status, and (5) failed to demonstrate that his due process rights have been violated through the BOP's enforcement of IFRP. (Dkt. No. 16). Thus, the Magistrate Judge recommends that the Court grant Respondent's Motion for Summary judgment and deny Petitioners' Writ of Habeas Corpus. (*Id.*). Petitioner has not filed an objection to the R & R.

## Discussion

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court makes a *de novo*

determination of those portions of the R&R to which specific objection is made and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Here, because no objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee note). Further, the Court may adopt the Magistrate Judge's analysis and recommendation without explanation. *See, Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

The Court has carefully reviewed the parties' briefing, and the R & R, and concludes that the Magistrate Judge correctly applied the relevant law to the operative facts in this matter. The Court, therefore, **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. No. 16) as the order of this Court. Accordingly, Respondent's Motion for Summary Judgment (Dkt. No. 11) is **GRANTED**.

Maureen Cruz, Warden at the Federal Correctional Institution Williamsburg, is the proper defendant in a habeas petition, as the "person having custody of the person detained," and as such, the Bureau of Prisons is hereby **DISMISSED** as a respondent in this action.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any

dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

June 12, 2014
Charleston, South Carolina

4